UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11843 RWZ

| | |
|---|---|
| LISA CINCOTTA, on her own behalf as mother and next friend of Xavier Cincotta,<br>  Plaintiff,<br><br>v.<br><br>GREYHOUND LINES, INC.<br>  Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ANSWER AND CROSSCLAIM OF GREYHOUND LINES, INC.

### Parties

1. This defendant lacks sufficient information to be able to admit or deny the allegations of paragraph 1 of the complaint.

2. The defendant Greyhound Lines, Inc. ("Greyhound") is a corporation organized under the laws of Delaware with a principal place of business at 15110 North Dallas Parkway, Dallas, Texas.

### FACTS

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. This defendant lacks sufficient information to be able to admit or deny the allegations of paragraph 7 of the complaint.

8. Greyhound admits that it was aware that the plaintiff Lisa Cincotta was traveling on its bus with a four-month-old baby but denies that it had knowledge that said baby was unrestrained as it was Greyhound's anticipation that Lisa Cincotta would travel with the baby on her lap.

9. Admitted.

10. Denied.

11. Denied.

## COUNT I

### (Negligence – "Highest Standard of Care")

12. The defendant, Greyhound, repeats as if fully set forth herein its responses to paragraphs 1 through 11 above.

13. Paragraph 13 of the complaint states conclusions of law to which no answer is required.

14. Denied.

WHEREFORE, the defendant, Greyhound, demands that judgment be entered on its behalf on all counts of the complaint and that it be awarded costs and such other relief as the court deems just.

## COUNT II

### (Negligence – Ordinary Standard of Care)

15. The defendant, Greyhound, repeats as if fully set forth herein its responses to paragraphs 1 through 11 above.

16. Denied.

WHEREFORE, the defendant, Greyhound, demands that judgment be entered on its behalf on all counts of the complaint and that it be awarded costs and such other relief as the court deems just.

## SEPARATE DEFENSES

Separate Defense No. 1

If the plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

Separate Defense No. 2

>The plaintiff Lisa Cincotta was guilty of contributory negligence and the damages, if any, recovered by Lisa Cincotta, individually, from the defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with MASS. GEN. L. ch. 231, § 85.

Separate Defense No. 3

>The negligence of the plaintiff Lisa Cincotta was greater than the alleged negligence of the defendant and such negligence of the plaintiff contributed to the plaintiff's alleged injury and, therefore, the plaintiff Lisa Cincotta, individually, is barred from recovery under MASS. GEN. L. ch. 231, § 85.

## JURY CLAIM

The defendant claims a right to trial by jury on all issues so triable.

## CROSSCLAIM

### (GREYHOUND LINES, INC. v. LISA CINCOTTA)

### Parties

1. The defendant and plaintiff-in-crossclaim is Greyhound Lines, Inc. ("Greyhound") a Delaware corporation with a principal place of business at 15110 North Dallas Parkway, Dallas, Texas.

2. Plaintiff and defendant-in-crossclaim is Lisa Cincotta who resides at 94 Myrtle Street, Lawrence, Essex County, Massachusetts.

### Facts

3. In her complaint, attached hereto as Attachment "A," plaintiff, Lisa Cincotta, alleges that on or about August 6, 2002 that she was a passenger with her four-month-old baby Xavier Cincotta on an intercity bus operated by the defendant on a public way in or near Nashville, Tennessee.

4. Plaintiff, Lisa Cincotta, alleges that while a passenger on the bus, she placed Xavier Cincotta unrestrained in a seat.

5. Plaintiff Lisa Cincotta alleges that as a result of the careless and negligent operation of the bus by Greyhound, that Xavier Cincotta was injured, apparently when he fell from the seat of the bus to the floor.

## COUNT I

### (Contribution)

6. The defendant and plaintiff-in-crossclaim Greyhound repeats as if fully set forth herein paragraphs 1 through 5 of the crossclaim.

7. If Greyhound is liable to the plaintiff, which it denies, then Lisa Cincotta is a joint tortfeasor and is liable in contribution to Greyhound.

   WHEREFORE, the plaintiff-in-crossclaim Greyhound demands contribution from the defendant in crossclaim Lisa Cincotta.

Dated: August 26, 2004

Respectfully submitted,
**GREYHOUND LINES, INC.**
By its attorney,


/s/ Gregg S. Blackburn
Gregg S. Blackburn, BBO# 044430
Stephen M. Perry, BBO# 395955
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900


### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon William J. Doyle, Jr., Esq., Leavis & Rest, P.C., Attorneys at Law, 83 Central Street, Boston, MA 02109-3413, plaintiff's counsel of record in this matter by first-class mail on August 26, 2004.

/s/ Gregg S. Blackburn
Gregg S. Blackburn