# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                              SUPERIOR COURT
                                                        CIVIL ACTION
                                                        NO. 04-1395-D

Lisa Cincotta, on her own behalf )
and a smother and next friend )
of Xavier Cincotta )
        Plaintiff )
)
Vs. )
)
Greyhound Lines, Inc. )
        Defendant )

## COMPLAINT AND JURY TRIAL CLAIM

### Parties

1.

The plaintiff is Lisa Cincotta, a citizen of Massachusetts who brings this claim on her own behalf and as mother and next friend of Xavier Cincotta, both of whom reside at 94 Myrtle Street, Lawrence, Massachusetts.

2.

The defendant is Greyhound Lines, Inc. a corporation organized and doing business in Massachusetts (hereinafter "Greyhound") with a principle place of business at 15110 North Dallas Parkway, Dallas, Texas 75248 and either directly or by an agent is transacting business in the Commonwealth of Massachusetts, as defined in G.L. c. 133A §3 and who has designated CT Corporation System, 101 Federal Street, Boston, MA 02110 as its agent for acceptance of service of process.

## **FACTS**

3.

On or about July 29, 2002 the plaintiff, Lisa Cincotta contacted the defendant, "Greyhound" requesting information regarding plans to travel from Lowell, Massachusetts to Nashville, Tennessee with a four (4) month old baby.

4.

The plaintiff, Lisa Cincotta requested information from the defendant, "Greyhound" about bringing a car seat for the baby.

5.

On or about July 30, 2002 the defendant, "Greyhound", by its agent, servant, employee or representative advised the plaintiff, Lisa Cincotta that:

> "If this is a car seat that is designed to be seat belted
> into a car, it would need to be transported in the
> cargo hold as checked baggage."

6.

On August 6, 2002 the plaintiff, Lisa Cincotta and her minor son, Xavier Cincotta were traveling as passengers on a bus owned and operated by the defendant, "Greyhound".

7.

The plaintiff, Lisa Cincotta brought a child's car seat but was required to check the seat as baggage.

8.

The defendant, "Greyhound" was aware that the plaintiff, Lisa Cincotta was travelling on the defendant, "Greyhound's" bus with a four (4) moth old

2

baby who was an unrestrained passenger on the bus.

9.

The defendant, "Greyhound" on August 6, 2002 was a common carrier principally concerned with or necessarily connected to the transportation of passengers for hire.

10.

On August 6, 2002 the defendant, "Greyhound" was negligent and careless in the operation of its business and its vehicle on a public way in or near Nashville, Tennessee.

11.

As a result of the carelessness and negligence of the defendant, "Greyhound", by its employees, agents, servants and representatives the minor child, Xavier Cincotta sustained severe, immediate traumatic injury and Lisa Cincotta sustained injury.

### COUNT I

### (Negligence - "Highest Standard Of Care")

This is a cause of action by Lisa Cincotta, on her own behalf and as mother and next friend of Xavier Cincotta.

12.

The plaintiff, Lisa Cincotta restates all the foregoing allegations contained in paragraphs one through eleven with the same force and effect as if fully restated here.

13.

The defendant, "Greyhound" owed a high duty of care as a common

3

carrier which duty consisted of the utmost care and diligence and the highest degree of care.

14.

As a result of the carelessness and negligence of the defendant, "Greyhound" Lisa Cincotta and Xavier Cincotta sustained injury which consists of personal injury as well as emotional distress, medical expenses and pain and suffering.

WHEREFORE, the plaintiff, Lisa Cincotta, on her on behalf and as mother and next friend of Xavier Cincotta demands judgment against the defendant, "Greyhound" together with interests and costs of this action.

## COUNT II

### (Negligence - Ordinary Standard Of Care)

This is a cause of action by Lisa Cincotta, on her own behalf and as mother and next friend of Xavier Cincotta.

15.

The plaintiff, Lisa Cincotta restates all the foregoing allegations contained in paragraphs one through eleven with the same force and effect as if fully restated here.

16.

As a result of the carelessness and negligence of the defendant, "Greyhound" Lisa Cincotta and Xavier Cincotta sustained injury which consists of personal injury as well as emotional distress, medical expenses and pain and suffering.

WHEREFORE, the plaintiff, Lisa Cincotta, on her on behalf and as mother and next friend of Xavier Cincotta demands judgment against the defendant, "Greyhound" together with interests and costs of this action.

### JURY CLAIM

THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES AND COUNTS.

> The plaintiff,
> By her attorney,
>
> _____
> William J. Doyle, Jr.
> Leavis and Rest, P.C.
> 83 Central Street
> Boston, MA 02109
> (617) 742-1700
> BBO #134240