UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11843-RWZ

Lisa Cincotta, on her own behalf )
and as mother and next friend )
of Xavier Cincotta )
      Plaintiff )
)
Vs. )
)
Greyhound Lines, Inc. )
      Defendant )

## PLAINTIFFS' PETITION FOR APPROVAL OF A COMPROMISE SETTLEMENT

Now come the plaintiffs petition this Court to approve a compromise settlement pursuant to G.L. c. 231 §140 C1/2 and Tenn. Code Ann. sec. 71-5-117.

1.    The plaintiffs are Lisa Cincotta and her minor son, Xavier Cincotta of Lawrence, Massachusetts.

2.    The defendant is Greyhound Lines, Inc.

3.    The plaintiffs have alleged that on August 6, 2002 they were travelling from Massachusetts to Tennessee and that they were on a Greyhound bus in Nashville, Tennessee.

4.    Xavier Cincotta was five (5) months old at the time.

5.    The plaintiffs have alleged that Greyhound Lines, Inc. required that Lisa Cincotta check as baggage Xavier Cincotta's seat, which resulted in Lisa Cincotta holding Xavier Cincotta during the course of the trip.

6. Just prior to the incident on August 6, 2002, the plaintiffs allege that Lisa Cincotta placed Xavier Cincotta in an adjacent seat. The plaintiffs further allege that the bus hit a bump causing Xavier Cincotta to be ejected from the seat and sustain traumatic injuries.

7. The bump was not seen by the plaintiffs but was apparently the typical bump that a vehicle might encounter while travelling on a public way. The existence of the bump at the time and location would be due to construction and or failure to properly construct or maintain the public way by a governmental entity or contractor who have not been identified and can not be identified since the exact location of the bump can not be determined.

8. The bus was not speeding or being operated in an erratic manner at the time when it struck the bump. The bump was the primary and principal cause of Xavier Cincotta being ejected from his seat.

9. Greyhound Lines, Inc. has alleged that Lisa Cincotta was negligent and that her negligence contributed to the happening of the incident.

10. On August 6, 2002 Xavier Cincotta was transported to the Southern Hill Medical Center and then transferred to the Vanderbilt University Medical Center. Xavier Cincotta was admitted to the Vanderbilt University Medical Center and underwent surgery. Xavier Cincotta was a patient at the Vanderbilt University Medical Center until August 11, 2002. The surgery involved a nondisplaced skull fracture and epidural hematoma.

11. Xavier Cincotta returned to Massachusetts. He has treated with his primary care physician in Lawrence, MA. He was also examined by a

physician at the Children's Hospital in Boston Massachusetts.

12. Xavier Cincotta has a scar as a result of the surgical procedure which is the area of his hair.

13. Xavier Cincotta's primary care physician and Joseph Madsen, M.D. at the Children's Hospital in Boston, MA are of the opinion that Xavier Cincotta has not sustained a permanent or long-term neurological injury. Doctor Madsen discharged Xavier Cincotta from any further follow up treatment as of August 15, 2002.

14. This is a claim where the primary responsible entities responsible for the bump in the road have not been identified and can not be identified.

15. Greyhound Lines, Inc. has vigorously contested this matter and denies any negligence. It could be reasonably found that the operator of the bus, Mr. Larkin was not negligent while operating the bus on August 6, 2002.

16. Xavier Cincotta's medical expenses arising out of the August 6, 2002 incident exceed $100,000. The Vanderbilt University Medical Center has provided plaintiffs' counsel with a detailed bill indicating that there is no outstanding balance owed for medical services rendered.

17. The plaintiffs have made multiple attempts to determine the status of medical bills, including writing to counsel for Vanderbilt Medical Group and Vanderbilt University Medical Center as well as the State of Tennessee, Department of Finance and Administration, Bureau of Tenncare. There have been no responses to any of these multiple attempts.

18. The Commonwealth of Massachusetts has indicated that it has

not paid any assistance as a result of the August 6, 2002 incident.

19. The plaintiffs and their counsel are not aware of any lien for outstanding medical expenses. The plaintiffs and their counsel have actively attempted to learn of any liens but have received no responses to their attempts.

20. The defendant, Greyhound Lines, Inc. has made a best and final settlement offer of $120,000 to settle all claims and all issues.

21. The plaintiffs desire to settle this matter and desire to accept the settlement offer, recognizing that Greyhound Lines, Inc.'s employee, James Larkin may not and probably was not negligent in the operation of the bus and that no entity has asserted a lien or contacted plaintiffs' counsel The plaintiffs have relied on the absence of a lien and absence of any contact from any medical care provider or governmental entity in accepting the settlement offer.

22. The plaintiffs propose accepting the settlement offer of $120,000.00 and allocating seventy (70%) per cent to the minor plaintiff, Xavier Cincotta to be placed in a structured settlement and that thirty (30%) per cent be allocated to Lisa Cincotta.

WHEREFORE the plaintiffs propose the following distribution:

| | |
|---|---:|
| Xavier Cincotta, to be held in a structured settlement | $55,430.10 |
| Lisa Cincotta | 23,755.76 |
| Legal Expenses | 814.14 |
| Attorneys' Fee | 40,000.00 |
| TOTAL | $120,000.00 |

Date: 4/5/05

X_____Lisa Cincotta_____
Lisa Cincotta

4

The defendant,
Greyhound Lines, Inc.
By their attorney,

_____
Gregg S. Blackburn, Esquire
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900


The plaintiff,
Xavier Cincotta by his mother and
next friend, Lisa Cincotta
By his attorney,


_____
Jeffrey C. McLucas
McLucas & West
141 Tremont Street
Boston, MA 02111
(617) 338-4242


The plaintiff,
Lisa Cincotta
By her attorney,


_____
William J. Doyle, Jr.
Leavis and Rest, P.C.
83 Central Street
Boston, MA 02109
(617) 742-1700
BBO #134240

5

UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____, 2005

Consistent with G.L. c. 231 §140 C1/2 and Tenn. Code Ann. Sec. 71-5-117 this petition is approved.

_____

### CERTIFICATE OF SERVICE

I, William J. Doyle, Jr. counsel for the plaintiff, hereby certify that I have served a copy of the foregoing by mailing same, postage prepaid, to counsel of record, this 13th day of April, 2005. This statement is signed under the pains and penalties of perjury.

_____
William J. Doyle, Jr.